IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE STOWERS, | |
| Plaintiff, | Civil Action File No. |
| vs. | |
| PHARMALIFE HOLDINGS, LLC and MELVIN JOHNSON, | |
| Defendants. | |

## COMPLAINT

Plaintiff Nicole Stowers ("Stowers") brings this Complaint against Defendants Pharmalife Holdings, LLC ("Pharmalife") and Melvin Johnson ("Johnson") (collectively "Defendants") and shows the Court as follows:

**INTRODUCTION**

1.

This is a wage and hour case.

2.

Defendants employed Stowers as an office manager and executive assistant. She regularly worked more than forty hours per week. In order to evade the FLSA's overtime requirements, Defendants engaged in an unlawful compensatory time scheme, truncated the actual hours Stowers' worked each work week and automatically deducted 30 minutes a day from Stowers' work time for a purported lunch break, even though Stowers was never afforded a period of 30 minutes or more

that was free of all duty for the purpose of taking a meal. Defendants, therefore, failed to compensate Plaintiff at one-and-one-half times her regular hourly rate for all hours she worked in excess of forty (40) hours during each work week.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §1391 because Pharmalife maintains its principal place of business in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

5.

Stowers is a natural person who resides in Fulton County, Georgia.

6.

Pharmalife is a domestic limited liability company organized under the laws of the State of Georgia.

7.

At all times during the Relevant Time Period, (*i.e.,* the period beginning three prior to the initiation of this action through and until May 11, 2018), Pharmalife was an "employer" of Stowers as defined in FLSA § 3(d), 29 U.S.C. §203(d).

8.

At all times during the Relevant Time Period, Stowers has been an "employee" of Pharmalife as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

Pharmalife is subject to the personal jurisdiction of this Court.

10.

Pharmalife may be served through its registered agent Melvin Johnson located at 2951 Piedmont Road, Suite B, Atlanta, Georgia 30305.

11.

Johnson is a natural person who resides in Fayette County, Georgia.

12.

At all times material hereto, Stowers was an "employee" of Johnson as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

13.

At all times material hereto, Johnson was an "employer" of Stowers as defined in the FLSA § 3(d), 29 U.S.C. §203(d).

14.

Johnson is subject to the personal jurisdiction of this Court.

15.

Johnson may be served with process at 2951 Piedmont Road, Suite B, Atlanta, Georgia 30305 or wherever he may be located.

**ENTERPRISE COVERAGE:**

16.

At all times during the Relevant Time Period, Pharmalife was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

17.

At all times during the Relevant Time Period, two or more employees of Pharmalife handled materials used by the company for its business purposes including, but not limited office furniture, cell phones, computers, and office supplies.

18.

At all times during 2015, Pharmalife had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

At all times during 2016, Pharmalife had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

At all times during 2017, Pharmalife had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

At all times during 2018, Pharmalife had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

At all times during 2015, Pharmalife had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

At all times during 2016, Pharmalife had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

At all times during 2017, Pharmalife had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

25.

At all times during 2018, Pharmalife had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2015, Pharmalife had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2016, Pharmalife had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2017, Pharmalife had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2018, Pharmalife had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

At all times during the Relevant Time Period, Pharmalife has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**INDIVIDUAL COVERAGE**

31.

At all times during the Relevant Time Period, Stowers was "engaged in commerce" as an employee of Pharmalife as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**STATUTORY EMPLOYER**

32.

At all times during the Relevant Time Period, Johnson exercised operational control over Stowers' work activities.

33.

At all times during the Relevant Time Period, Johnson was involved in the day to day operation of Pharmalife.

34.

At all times during the Relevant Time Period, Pharmalife vested Johnson with supervisory authority over Stowers.

35.

At all times during the Relevant Time Period, Johnson exercised supervisory authority over Stowers.

36.

At all times during the Relevant Time Period, Johnson scheduled Stowers' working hours or supervised the scheduling of Stowers' working hours.

37.

At all times during the Relevant Time Period, Johnson exercised authority and supervision over Stowers' compensation.

**EXEMPTIONS**

38.

At all times during the Relevant Time Period, Pharmalife compensated Stowers on an hourly basis.

39.

At all times during the Relevant Time Period, Stowers was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

40.

At all times during the Relevant Time Period, Pharmalife did not employ Stowers in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

41.

At all times during the Relevant Time Period, Stowers did not possess a specialized degree or certification that she utilized to perform her duties on behalf of Defendants.

42.

At all times during the Relevant Time Period, Pharmalife did not employ Stowers in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

43.

At all times during the Relevant Time Period, Pharmalife did not employ Stowers in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

44.

At all times during the Relevant Time Period, Pharmalife did not employ Stowers in the capacity of an "outside salesman" so as to be exempt from the maximum hour requirements of 29 USC § 213 (a).

45.

At all times during the Relevant Time Period, Stowers did not exercise independent judgment and discretion in making significant business decisions on behalf of Pharmalife.

46.

At all times during the Relevant Time Period, Stowers primary duties included ordering supplies, entering payroll, receiving and directing telephone calls, answering the door, and data entry.

47.

At all times during the Relevant Time Period, Defendants knew or should have known that the Stowers was an employee who was eligible for overtime protections of the FLSA.

**ADDITIONAL FACTUAL ALLEGATIONS:**

48.

Pharmalife employed Stowers as an office manager and executive assistant from February 1, 2015 until May 11, 2018.

49.

At all times during the Relevant Time Period up to and prior to approximately March 2017, Pharmalife compensated Stowers for her work as an office manager and executive assistant at a regular hourly rate of $17.00.

50.

From approximately March 1, 2017 through May 11, 2018, Pharmalife agreed to compensate Stowers for her work at a regular hourly rate of $18.44.

51.

At all times during the Relevant Time Period, Stowers regularly worked five days per week during each work week.

52.

At all times during the Relevant Time Period, Pharmalife scheduled Plaintiff to work from 9:00 a.m. to 5:30 p.m.

53.

At all times during the Relevant Time Period, Pharmalife automatically-deducted 30 minutes a day from Stowers' work hours.

54.

At all times during the Relevant Time Period, Pharmalife stated that the 30 minute deduction was for a meal break.

55.

On numerous occasions, Defendants failed to afford Stowers a period of 30 minutes or more free of all duty for the purpose of taking a meal break.

55.

At all times during the Relevant Time Period, Defendants knew that Stowers worked through her purported meal break.

56.

At all times during the Relevant Time Period, Defendants truncated the actual hours Stowers worked during each work week.

57.

At all times during the Relevant Time Period, Defendant Johnson manipulated the ADP time keeping system at the end of each work week to reflect the hours Stowers worked each work day as 9:00 a.m. until 5:30 p.m., with 30 minutes deducted for a non-compensable meal break.

58.

Stowers worked an average of 42.5-45.5 hours during each work week during the Relevant Time Period.

59.

At all times during the Relevant Time Period, in lieu of compensating Stowers at one-and-one half times her regular hourly rate for each hour she worked in excess of 40 hours during each work week, Defendants advised Stowers that she would receive compensatory time.

60.

Pharmalife is not a governmental entity.

61.

At all times during the Relevant Time Period, Defendant Johnson advised Stowers that her compensatory hours would be banked for later use.

62.

At all times during the Relevant Time Period, Defendants failed to provide Stowers with any accounting of the compensatory hours she had accrued.

63.

At all times during the Relevant Time Period, Defendants failed to compensate Stowers at one and on half times her regular rate for each hour or part thereof that she worked in excess of 40 hours during each work week.

64.

At all times during the Relevant Time Period, Defendants were aware of the actual hours that Stowers worked during each work week.

65.

At all times during the Relevant Time Period, Stowers regularly worked in excess of forty (40) hours per week.

66.

At all times relevant to this action, Defendants knew or should have known that the FLSA applied to Stowers.

67.

At all times during the Relevant Time Period, Defendants knew or should have known that Section 7 of the FLSA requires that Defendant compensate Stowers at one-and-one-half times her regular rate for all work performed in excess of forty hours in a workweek.

68.

At all times during the Relevant Time Period, Defendants failed to pay Stowers any overtime wages for each hour she worked in excess of forty (40) hours during each work week.

69.

At all times during the Relevant Time Period, Defendants willfully failed to pay Stowers any overtime wages for each hour she worked in excess of forty (40) hours during each work week.

70.

At the time of her termination, Defendants failed to compensate Plaintiff for the compensatory hours she had accrued.

### COUNT I — FAILURE TO PAY OVERTIME

71.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

72.

At all times during the Relevant Time Period, Stowers was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

73.

At all times during the Relevant Time Period, Stowers regularly worked for Defendants in excess of forty (40) hours during each work week.

74.

Defendants failed to pay Stowers at one-and-one-half times her regular rate for work in excess of forty (40) hours during each work week during the Relevant Time Period.

75.

Defendants failed to pay Stowers at one-and-one-half times her regular rate for work in excess of forty (40) hours during each work week during the Relevant Time Period.

76.

Defendants willfully failed to pay Stowers at one-and-one-half times her regular rate for work in excess of forty (40) hours during each work week during the Relevant Time Period.

77.

Defendants are jointly and severally liable to Stowers for payment of all due and unpaid overtime compensation during the Relevant Time Period, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

78.

As a result of the underpayment of overtime compensation as alleged above, Stowers is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

79.

As a result of the underpayment of overtime compensation as alleged above, Stowers is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Stowers respectfully prays:

1. That she be awarded an amount to be determined at trial against Defendants, jointly and severally, in unpaid overtime compensation due under the FLSA;

2. That she be awarded an additional like amount against Defendants, jointly and severally, in liquidated damages;

3. That she be awarded nominal damages;

4. That she be awarded her costs of litigation, including her reasonable attorneys' fees against Defendants, jointly and severally; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791
Counsel for Plaintiff