## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is hereby entered into by and between Nicole Stowers ("Plaintiff"), on the one hand, and Pharmalife Holdings, LLC (the "Company") and Melvin Johnson ("Johnson") (collectively "Defendants") on the other hand, as of June _____, 2019. Plaintiff and Defendants are referred to herein individually as a "Party" and collectively, as the "Parties."  As used herein, the phrases "this Agreement," "hereto," "hereunder," and phrases of like import shall mean this Agreement.  All capitalized terms shall have the meanings ascribed to them in the Agreement.

WHEREAS, Plaintiff was employed by the Company from approximately February 1, 2015 until May 11, 2018;

WHEREAS, on August 7, 2018, Plaintiff filed a Complaint for Damages against Defendants in the United States District Court for the Northern District of Georgia (the "Court") captioned as *Nicole Stowers v. Pharmalife Holdings, LLC and Melvin Johnson,* Case No. 1:18-cv-03776-LMM, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA") (the "Litigation"); and

WHEREAS, Defendants deny Plaintiff's claims and allegations in the Litigation and deny liability to Plaintiff; and

WHEREAS, the Parties desire to finally and forever resolve all disputed matters between them existing as of the date of this Agreement, whether or not raised in the Litigation; and

WHEREAS, the Parties have entered into this Agreement to bring about such resolution;

NOW, THEREFORE, the Parties, with the intent of totally ending and forever foreclosing all matters or potential matters in dispute between the Parties up to the time of this Agreement, thereby assuring peace between the Parties based on such matters, in return for the mutual promises and consideration contained herein, the sufficiency of which is expressly acknowledged, agree as follows:

1. **Settlement Payment to Plaintiff.**  Provided that Plaintiff executes this Agreement and the Court has approved the settlement, the Company shall pay Plaintiff the amount of Fifty Thousand Dollars ($50,000.00) (the "Gross Settlement Payment").  The Gross Settlement Payment shall be allocated as follows:

    (i) The gross sum of Fourteen Thousand Two Hundred and Fifty Dollars ($14,250.00) which shall constitute the entire amount payable to Plaintiff for any alleged unpaid wages (including overtime compensation), back pay, interest, and any similar forms of relief she may have sought in the Litigation.  The Company shall make any applicable withholdings and shall include this amount on a Form W2 issued by the Company to Plaintiff at year-end.  This payment shall be made within ten (10) days following the Court's approval of the settlement.

    (ii) The sum of Fourteen Thousand Two Hundred and Fifty Dollars ($14,250.00), which shall constitute the entire amount payable to

Plaintiff for alleged liquidated damages she may have sought in the Litigation.  The Company shall not deduct any taxes, withholdings or deductions from this portion of the Gross Settlement Payment, and shall record this amount on a Form 1099 marked Box 3 "Other Income" issued by the Company to Plaintiff at year-end.  This payment shall be made within ten (10) days following the Court's approval of the settlement.

(iii) The sum of Twenty One Thousand Dollars ($21,000.00) as payment for Plaintiff's attorney's fees and litigation expenses, made payable to Plaintiff's counsel Charles R. Bridgers, Attorney, LLC.  The Company shall not deduct any taxes, withholdings or deductions from this portion of the Gross Settlement Payment, and shall record this amount on a Form 1099 issued by the Company to Plaintiff's counsel at year-end. This payment shall be made sixty (60) days following the Court's approval of the settlement.

2. **Warranty of Representation.** Plaintiff represents and warrants that Kevin D. Fitzpatrick, Jr., Charles R. Bridgers and the firm of DeLong Caldwell Bridgers Fitzpatrick and Benjamin, LLC are and have been the sole attorneys for Plaintiff with respect to the Litigation and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Litigation; and that all legal fees, costs, and/or expenses for which Defendants could be liable in connection

with the Litigation will be discharged upon fill payment of the Settlement Principal.

3. **Necessity of Court Approval of Agreement**.  The Parties shall jointly seek the approval of the United States District Court for the Northern District of Georgia ("District Court") of the terms of settlement described herein. Plaintiff's counsel shall prepare a joint motion for approval of the settlement (the "Joint Motion") for comment and approval by Defendants' counsel, and shall then file the finalized Joint Motion and any other documents necessary to obtain the required approval from the District Court. The Parties shall request that the Court shall retain jurisdiction over the Litigation to the extent necessary to enforce the terms of this Agreement. This Agreement shall be executed by all Parties prior to its submission to the District Court. However, this Agreement shall not become effective until the date on which the District Court grants the Parties' Joint Motion to approve this Agreement (the "Effective Date"). Should the District Court not approve this Agreement in its entirety for any reason, this Agreement shall be deemed null and void, and shall have no effect whatsoever, notwithstanding the Parties' execution of the same.

4. **Non-Disparagement.**

   i.    Defendants and any principals of corporate defendants will not disparage Plaintiff. For purposes of this Section, "disparage" shall mean any critical negative, or derogatory statement, whether written (including comments made on the Internet whether through social websites such as

91  Facebook, Twitter, and LinkedIn, or otherwise)or oral, regardless of truth,
92  about Plaintiff or the services provided by Plaintiff.  If any of the
93  Defendants are asked for a reference by a prospective employer of Plaintiff,
94  Defendants will provide no information other than dates of employment and
95  position(s) held.
96      ii.     Plaintiff will not disparage Defendants. For purposes of this Section,
97  "disparage" shall mean any critical, negative, or derogatory statement,
98  whether written (including comments made on the Internet whether through
99  social websites such as Facebook, Twitter, and LinkedIn, or otherwise) or
100 oral, about Defendants, the services provided by Defendants,  the managers
101 of Defendants those persons associated with Defendants, or the employees
102 of Defendants regardless of truth.  Nothing herein will prevent the Plaintiff
103 from discussing this Agreement with anyone.
104 5. **Release of Claims.**  The Parties, on behalf of themselves, their dependents,
105 heirs, executors, administrators, assigns, successors, or other
106 representatives, hereby fully, finally and forever release and discharge each
107 other and all past and present parents, subsidiaries, affiliates, predecessors,
108 successors, assigns, representatives, partners, members, officers, directors,
109 insurers, agents and employees from any and all claims and rights of any
110 kind that they may have, whether now known or unknown, suspected or
111 unsuspected, including, but not limited to, any claims arising out of or in
112 any way connected with Plaintiff's alleged employment with Defendants as
113 of the date this Agreement is executed. These claims and rights released

| | |
|---|---|
| 114 | include, but are not limited to, claims under Title VII of the Civil Rights Act |
| 115 | of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans with |
| 116 | Disabilities Act, the Age Discrimination in Employment Act, Sections 503 |
| 117 | and 504 of the Rehabilitation Act of 1973, the Family Medical Leave Act, |
| 118 | Employee Retirement Income Security Act, the Occupational Safety and |
| 119 | Health Act, the Fair Labor Standards Act, the Workers' Adjustment and |
| 120 | Retraining Notification Act, as amended, state, civil or statutory laws, |
| 121 | including any and all laws prohibiting discrimination (including without |
| 122 | limitation the Americans with Disabilities Act, as amended), any other |
| 123 | federal, state or local fair employment statute, code or ordinance, common |
| 124 | law, contract law, tort and any and all claims for attorneys' fees. The Parties |
| 125 | represent that they know of no claim that has not been released by this |
| 126 | paragraph, and that the release in this paragraph is intended to release |
| 127 | Plaintiff and Defendants from liability for any and all possible claims by the |
| 128 | Parties, known or unknown, that exist or may exist as of the date of this |
| 129 | Agreement. Nothing in this Agreement, however, is intended to waive |
| 130 | Plaintiff's entitlement to vested benefits under any pension or 401(k) plan |
| 131 | or other ERISA-governed benefit plan provided by Defendants.  Finally, the |
| 132 | above release does not waive claims that Plaintiff could make, if available, |
| 133 | for unemployment or workers' compensation, and the release also excludes |
| 134 | any other claim which cannot be released by private agreement. |
| 135 | 6. **Execution:**  This Agreement shall become effective upon its execution by |
| 136 | all parties.  The Parties may execute this Agreement in counterparts, and |

execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.  Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

7. **Dismissal with Prejudice**.  Plaintiff shall take whatever actions are necessary to ensure that the Litigation is dismissed in its entirety, with prejudice and without costs or fees, within five (5) days of her receipt of the last payment described in Section 1 above with the Court retaining jurisdiction to enforce the Settlement Agreement.  Defendants will cooperate with Plaintiff in securing the dismissal of the Litigation as appropriate.

8. **Non-Admission**.  This Agreement is entered into solely in order to compromise and settle disputed claims, without any acquiescence, acknowledgement, or agreement by any Party as to the merit of any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, expenses, attorney's fees, costs, punitive damages, penalties, judgments, claims or demands released herein.  Neither this Agreement nor any part thereof shall be, or be used as, evidence or an admission of liability by anyone, at any time, for any purpose.

9. **Basis for Settlement**.  Each Party acknowledges and agrees that the terms of this Agreement are, and have been agreed to, for their mutual convenience, in part to avoid the expense, distraction, risk and uncertainty of further litigation, and after considering the risks of litigation and the

160    circumstances of their respective businesses.  Each Party also acknowledges
161    and agrees that  each Party has relied entirely on her, her or its own
162    judgment, belief and knowledge (including her or its judgment, belief and
163    knowledge with respect to the foregoing, the extent and duration of the
164    claimed damages in the Litigation, and the value of settling the Litigation at
165    this time) and the advice and recommendations of his, her or or its own
166    independently selected counsel, and, accordingly, except as set forth herein,
167    neither they nor anyone acting on their behalf shall (or shall have the right
168    to) deny or challenge the validity of this Agreement or any of the
169    obligations of the Parties hereunder.
170  10. **Successors and Assigns**.  This Agreement shall be binding upon and inure
171    to the benefit of the Parties and their heirs, successors in business,
172    executors, administrators, conservators, assigns, successors, beneficiaries,
173    employees and agents, and all other persons asserting claims by, on behalf
174    of, or through them based or founded upon any of the claims released
175    herein.
176  11. **Waiver.**  Failure by any Party to insist upon strict performance of any
177    provision herein by any other Party shall not be deemed a waiver by such
178    Party of its rights or remedies or a waiver by it of any subsequent default by
179    such other Party, and no waiver shall be effective unless it is in writing and
180    duly executed by the Party entitled to enforce the provision being waived.
181  12. **Severability**.  In the event that any term, covenant, condition, agreement,
182    section or provision hereof shall be deemed invalid or unenforceable, this

183     Agreement shall not terminate or be deemed void or voidable, but shall
184     continue in full force and effect and there shall be substituted for such
185     stricken provision a like but legal and enforceable provision which most
186     nearly accomplishes the intention of the Parties hereto. Specifically, if the
187     Court refuses to accept or voids any portion of this Agreement except for
188     the primary payment and release obligations of this Agreement, the Parties
189     agree to be bound to this Agreement as modified by the Court and agree
190     that the Court may approve this Agreement without the need of executing a
191     new Agreement.

192   13. **Entire Agreement.** This Agreement contains the entire agreement and
193     understanding between the Parties concerning matters it describes, and
194     supersedes all previous agreements, discussions, negotiations,
195     understandings, and proposals of the Parties. The terms of this Agreement
196     cannot be changed except in a subsequent document signed by the Parties.
197     Neither this Agreement nor any provision of this Agreement may be
198     modified or waived in any way except by an agreement in writing signed by
199     each of the Parties hereto consenting to such modification or waiver except
200     as to any decisions of the Court made as a part of the FLSA settlement
201     approval process.

202   14. **Construction**.  This Agreement has been negotiated by the Parties and shall
203     be interpreted fairly in accordance with its terms and without any
204     construction in favor of or against any of the Parties.  The interpretation and
205     construction of this Agreement shall be subject to the following provisions:

206    (a) words importing the singular meaning include where the context so
207    admits the plural meaning and vice versa; (b) the terms "and" and "or" as
208    used herein shall mean both the conjunctive and the disjunctive, so that one
209    word or the other may be taken accordingly as the one or the other (i.e.,
210    "and/or"); (c) the word "any" shall mean "all" or "one out of several"; (d)
211    references to any person shall include natural persons and partnerships,
212    firms and other incorporated bodies and all other legal persons of whatever
213    kind and however constituted; (e) the words "include," "includes" and
214    "including" are to be construed as if they were immediately followed by the
215    words "without limitation"; and (f) captions and headings used herein are
216    inserted for convenience only and are in no way intended to describe,
217    interpret, define or limit the scope, extent or intent of this Agreement.
218 15. **Governing Law:**  This Agreement is executed in the State of Georgia and
219    all terms of this Agreement shall be governed and construed pursuant to the
220    laws of the State of Georgia. The Parties (a) hereby irrevocably submit
221    themselves to and consent to the exclusive jurisdiction of the Court (or, if
222    the Court lacks jurisdiction, the appropriate state or superior courts of the
223    state of Georgia) for the purposes of any action, claim, suit or proceeding
224    arising from or relating to this Agreement, and (b) hereby waive, and agrees
225    not to assert, by way of motion, as a defense or otherwise, in any such
226    action, claim, suit or proceeding, any argument that she or it is not
227    personally subject to the jurisdiction of such court(s), that the action, claim,

228		suit or proceeding is brought in an inconvenient forum, or that the venue of
229		the action, claim, suit or proceeding is improper.
230	16. **Enforcement:** In any action to enforce the provisions of this Agreement the
231		prevailing party shall be entitled to recover its reasonable attorneys' fees
232		and costs from the losing party, in addition to all other remedies available
233		under law.
234	IN WITNESS WHEREOF, the undersigned have executed this Agreement which
235	shall be effective upon Court approval.
236	
237	[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]
238	
239

The undersigned acknowledges that the undersigned has read and understands the foregoing Settlement Agreement and General Release, and that the undersigned agrees to the same and voluntarily executes the same this 9th day of July, 2019.

Plaintiff: NICOLE STOWERS

*Nicole Stowers*
DocuSigned by: 93E06774D50F4E8...

Signature

7/9/2019
_____

Date

256 The undersigned acknowledges that she has read and understands the foregoing

257 Settlement Agreement and General Release, and that the undersigned agrees to the

258 same and voluntarily executes the same this _____ day of

259 _____, 2019.      07/10/2019

260 Defendant: MELVIN JOHNSON

261

262 _____

263 Signature

264

265   07/10/2019
    _____

266 Date

267
268

The undersigned acknowledges that its authorized signatory has read and understands the foregoing Settlement Agreement and General Release, and that the undersigned agrees to the same and voluntarily executes the same this _____ day of _____, 2019.    07/10/2019

Defendant: PHARMALIFE HOLDINGS, LLC

_____*Buna*_____

Signature

MICHAEL BOGACHECK
_____

Print Name

CEO
_____

Title

07/10/2019
_____

Date

Doc ID: 7d6ffd64621c0df26a9f6014475663cb0a53590e